**Maria Dolores Mooers HEATER and Claude L. Heater**

v.

**The UNITED STATES.**

**No. 49980.**

United States Court of Claims.

June 5, 1957.

———◆———

Carl L. Bauersfeld, Washington, D. C., Robert Ash, Washington, D. C., Whitfield J. Collins, Gillis A. Johnson, Ira Butler, Cantey, Hanger, Johnson, Scarborough & Gooch, Ft. Worth, Tex., on the briefs, for plaintiffs.

Elizabeth B. Davis, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew F. Oehmann and James P. Garland, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is before the court on plaintiffs' motion for rehearing.[1] Upon consideration thereof, it is ordered that the former judgment dismissing plaintiffs' petition and the conclusion of law be and the same hereby are vacated, the former opinion of March 6, 1957 is withdrawn, and the following opinion and appropriate conclusion of law are substituted therefor.

This case presents the same issue as presented in the case of Wesley K. Roberts v. United States, Ct.Cl., 151 F.Supp. 749, this day decided. In both cases a deficiency in estate taxes was asserted because of the inclusion within decedent's gross estate of property alleged to have been transferred in contemplation of death or by transfer to take effect at death. Each case was compromised while pending in the Tax Court on appeal from the determination of the Commissioner of Internal Revenue. The only difference in the circumstances surrounding the settlement was as follows:

Before this case was settled, the Supreme Court had decided the case of Estate of Spiegel v. Commissioner of Internal Revenue, 335 U.S. 701, 69 S.Ct. 301, 93 L.Ed. 330, holding that the possibility of the reversion to decedent's estate of the property transferred in trust by him during his life, although this possibility arose only by operation of law, necessitated the inclusion of the property in decedent's gross estate.

Of necessity, therefore, the settlement of this issue must have been in the mind of the Commissioner of Internal Revenue, as it was in the Roberts case, supra.

But, strange to say, while the Commissioner of Internal Revenue amended his regulations in certain respects shortly after the decision by the Supreme Court in the Spiegel case, supra, he did not then amend them in accordance with the Supreme Court's opinion in the Spiegel case, supra, with respect to the possibility of reverter by operation of law issue. His regulations still provided for the exclusion of such property from the gross estate. So, again strange to say, notwithstanding the Supreme Court's opinion, employees in the Bureau of Internal Revenue were uncertain how to deal with the problem.

In addition, the Act to amend the Internal Revenue Code, as provided in section 7 of the Technical Changes Act, 26 U.S.C.A. § 811(c), was pending in Congress, and was under consideration by the House Committee, which, a few days after the stipulation was signed, reported it favorably. This section excludes from the estate of a decedent transfers of property which the Supreme Court said should be included. This added to the uncertainty, and a settlement was thought by both parties to be advisable. That this was one of the issues relied on by the Commissioner of Internal Revenue admits of no doubt.

It is clear, also, that there was something to be said on both sides of the argument on the contemplation of death issue. We have adopted the trial commissioner's findings 21, 22, 23 and 24. They read:

"21. The decedent was born October 3, 1862. He was therefore approximately 73 years of age when he signed the trust instrument referred to in finding 2 and approximately 81 years of age at the time of his death.

"22. On August 20, 1935, the date of the execution of the trust instrument referred to in finding 2, the decedent was in good health and continued so until at or about the time of his sudden death on August 8, 1943. He had never had a serious illness prior to 1943 and died from a fall which may have been caused by a heart attack.

1. This suit was originally instituted by Clifford Mooers, as Executor of the Estate of F. A. Mooers. By order of the court, dated May 3, 1957, the present plaintiffs were substituted as parties plaintiff.

"23. The decedent retired about 1935 after having worked in the Post Office Department approximately forty years. He was an active man until the time of his sudden death. After retirement he went fishing, went downtown and played pool, took care of his flower garden and lawn, cleaned and washed his car, and took trips to Houston, Texas, in the winter.

"24. The decedent's son, Clifford Mooers, married a Cuban citizen and this son had one child, a daughter, born of that marriage. Both the decedent and Clifford Mooers were apprehensive that in the event of the death of Clifford Mooers, the latter's wife might return to Cuba and educate the daughter there, which would have been contrary to the wishes of both the decedent and his son. One of the major considerations for the creation of the trust, referred to in finding 2, was to induce Clifford Mooers' wife, in the event of Clifford Mooers' death, through provisions set out in the trust instrument, to remain in the United States and educate their daughter there. In addition, tax consequences entered into the creation of the trust."

It is, therefore, apparent that neither issue was frivolous.

As in the Roberts case, supra, we think the ascription of one-half of the amount paid to the reverter issue comes close to that decision which, in the circumstances, is just to both sides. Plaintiffs' motion is granted, and plaintiffs are entitled to recover seventy thousand seven hundred twenty-nine dollars and forty-seven cents ($70,729.47), with interest as provided by law. Judgment will be entered to that effect.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.

LARAMORE, Judge, dissents on the basis of his dissenting opinion in Roberts v. United States, supra.