Madden, Judge,
delivered the opinion of the court:
This is a suit for the refund of estate taxes in the amount of $245,172.39 paid by the estate of John M. W. Hicks, who died in 1944. The principal question is whether these taxes were made refundable to the estate by section 7 of the Technical Changes Act of 1949, 63 Stat. 891, as amended, 64 Stat. 770.
The decedent, John M. W. Hicks, made numerous gifts of property during the years 1921 to 1944. In the years 1939-1940 he made outright gifts of property to the donees. All the other gifts here relevant were made to trustees for the intended beneficiaries.
The executor of the estate filed in 1945 a Federal estate tax return showing an estate tax of $199,065,06. The Commissioner of Internal Revenue determined that there was a deficiency of $1,073,378.58 in the tax as returned. He arrived at that conclusion by adding to the decedent’s tax *401 able gross estate $2,453,971.86, the value at the decedent’s death of the property which he had given outright or in trust during the years 1921-1944. He included twelve transfers made in 1921-1922, one made in 1926, two made in 1935, the outright transfers made in 1939-1940, and one large transfer made in 1941. The Revenue Agent’s ground for proposing the inclusion of the 1921-1922 transfers, the 1939-1940 transfers, and one of the 1935 transfers was that they had been made in contemplation of death and were therefore taxable to the estate. The other three transfers were proposed to be included because they were made either in contemplation of death, or “to take effect in possession or enjoyment at or after death”, or both.
The executor in 1946 filed a written protest against the deficiency determination. Negotiations followed and a settlement was finally arrived at. In the settlement, $1,577,-109.74 of the property which the Revenue Agent had proposed for inclusion in the estate was eliminated, and $876,862.12 was included. The only transfers ultimately included were the 1926 transfer, one of the two 1935 transfers, and one-third of the 1941 transfer. On the basis of the settlement, $255,581.67 of additional estate taxes and $23,002.34 of interest were paid by the estate.
Thereafter Congress enacted the so-called Technical Changes Act of 1949, section 7 of which overruled the Supreme Court decisions in Commissioner v. Estate of Church, 335 U. S. 632, and Estate of Spiegel v. Commissioner, 335 U. S. 701. Section 7 provided that property transferred in a decedent’s lifetime should not be included in his taxable estate, under section 811 (c) of the Internal Revenue Code of 1939, as property the subject of a transfer intended to take effect in possession or enjoyment at or after death, unless the reversionary interest in the grantor arose, not by operation of law but by the express terms of the agreement, and even then only if the reversionary interest had a value, immediately before the death of the decedent, of at least five per cent of the value of the property transferred Under the standards of section 7 none of the property taxed to the estate of Hicks would have been taxable as property the subject of a transfer intended to take effect at death.
*402 Section 7 also provided that taxpayers who had, before the enactment of this relief measure, paid taxes which they would not have had to pay under the tests of section 7, could recover the taxes so paid.
The instant suit is founded upon the contention that $227,266.74 of the taxes which the estate was required to pay was refundable under the standards of section 7. It is of course necessary for the plaintiff to show that the taxes which it seeks to recover were taxes of the kind for which relief was given in section 7. The Government says that the plaintiff cannot show this because, as we have seen, the Government was claiming the taxes on the section 7 ground, which we shall call the reverter ground, and on the contemplation of death ground, for which section 7 provided no relief, and the recovery of taxes imposed on the contemplation of death ground was barred by the statute of limitations.
In prior cases, Roberts v. United States, 138 C. Cls. 797, 151 F. Supp. 749 and Heater v. United States, 138 C. Cls. 813, 151 F. Supp. 753, this court undertook the almost impossible task of determining on which of the two grounds here involved the taxes in question were imposed and paid. The court recognized that section 7 was a relief statute and should, if possible, be applied to produce the relief which Congress intended. In those cases, as in the instant one, the amount of the taxes paid was arrived at by a compromise which was reached after protracted haggling. In the negotiations each party played down the taxability, or non-taxability, as the case was, asserted by the other. In each party’s inter-office communications, its representatives stated frankly the strong and the weak points of its position.
In the instant case, while the Commissioner of Internal Eevenue’s representatives never conceded that it had no ground at all for taxing the numerous transfers that were included in the original notice of deficiency but were left out of the agreed settlement, it is apparent from the evidence that they did not think that these transfers left their subject matter liable to an estate tax. Of the three transfers that were taxed, the 1926 transfer and one of the 1935 transfers left undisposed of possibilities of reverter, and were, under the regulations of the Commissioner, and the later enunciated *403 doctrines of Church and Spiegel, taxable on that ground. The question whether they were transfers in contemplation of death would have, if litigated, required a decision involving numerous questions of fact, and the facts did not point in the direction of taxability on that ground.
Our conclusion from the evidence as to the thought processes of the negotiators is that about 70 per cent of the reason for the Commissioner’s including and the plaintiff’s agreement to permit the inclusion of the 1926 transfer, and the 1935 John Hicks Johnson transfer, in the taxable estate, was based upon their opinion that those transfers left possibilities of reverter in the transferor which made them taxable to his estate. It follows, under the doctrine of the Roberts and Heater decisions that the plaintiff is entitled, under section 7 of the Technical Changes Act of 1949, to the refund of 70 per cent of the taxes paid on account of those two transfers.
The 1941 transfer, one-third of which was taxed in the compromise settlement, left no possibility of reverter in the transferor. To the one-third extent to which it was taxed in the settlement agreement, it must have been taxed as a transfer in contemplation of death. The plaintiff makes no claim for the recovery of the part of the taxes based upon the inclusion of the one-third of this transfer. But the Government says that if, in an effort to do equity, we analyze the compromise to ascertain the motives of the parties in making it, we ought to reopen the 1941 transaction to determine whether it should not have been fully taxable as a transfer in contemplation of death.
The evidence as to the motives and circumstances of the 1941 transfer is complete and detailed. From it we conclude that that transfer was not made in contemplation of death. We do not, therefore, disturb that part of the settlement, nor do we decide whether, if the evidence had required the opposite conclusion, we would have reopened that part of the settlement.
The plaintiff is entitled to recover. The amount of the recovery will be determined in further proceedings pursuant to Buie 38 (c).
It is so ordered.
*404 Whitaker, Judge, and JoNes, Chief Judge, concur.